Filed 8/5/24  P. v. Curry CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARCUS LYDELL CURRY,<br><br>    Defendant and Appellant. | D083618<br><br><br><br>(Super. Ct. No. SCN099590) |

APPEAL from an order of the Superior Court of San Diego County, Runston G. Maino, Judge.  Affirmed.

Marcus Lydell Curry, in pro. per.; and Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2001, a jury convicted Marcus Lydell Curry of second degree murder (Pen. Code,[1] § 187, subd. (a)), and found Curry personally discharged a firearm causing death or great bodily injury (§ 12022.53, subd. (d)).

---

[1]    All statutory references are to the Penal Code unless otherwise specified.

The court found true two strike priors (§ 667, subds. (b)-(i)). Curry was sentenced to a total term of 70 years to life.

Curry appealed, and this court affirmed the judgment in an unpublished opinion. (*People v. Curry* (Dec. 4, 2003, D039844).)

In 2023, Curry filed a petition for resentencing under section 1172.6.

The court appointed counsel, received briefing, reviewed the record of conviction, held a hearing, and concluded Curry was ineligible for relief under section 1172.6. The court found the record of conviction established Curry was the actual killer who acted with malice. The court noted the jury was not instructed on felony murder or natural and probable consequences.

Based on the record of conviction, the court found Curry was not eligible for relief as a matter of law. The court denied the petition for resentencing without first issuing an order to show cause or holding an evidentiary hearing. The court also denied Curry's motion for discovery of exculpatory evidence and to vacate his conviction.

Curry filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to exercise it discretion to independently review the record for error.

We advised Curry of his right to file his own brief on appeal. He has filed a lengthy set of briefs and exhibits. None of the materials have anything to do with the trial court's order, which is the subject of this appeal. Curry's focus is on his complaint about the 2001 trial and his arguments that law enforcement withheld exculpatory materials. He apparently has some action pending is the federal court against the county. We make no comment regarding the potential merits, if any, of his challenges to his conviction.

2

The potential issues that may exist to challenge the conviction on constitutional grounds are not within the scope of this appeal. Accordingly, Curry has not presented any potentially meritorious grounds for reversal on appeal.

## DISCUSSION

As we have noted, appellate counsel has filed a *Delgadillo* brief and asks the court to independently review the record for error in the same way we would do if this case was controlled by *People v. Wende* (1979) 25 Cal.3d 436.

To assist the court in its review of the record, and in compliance with *Anders v. California* (1967) 386 U.S. 738, counsel has identified a possible issue that was considered in evaluating the potential merits of this appeal: Whether the court erred in finding Curry was ineligible for relief as a matter of law.

We have independently reviewed the record for this appeal. We have not discovered any potentially meritorious issues for reversal on appeal. Competent counsel has represented Curry on this appeal.

DISPOSITION

The order denying Curry's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


KELETY, J.